**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0845-17T4

HILDA T. KENNEDY and
JOHN F. KENNEDY, wife
and husband,

     Plaintiffs-Appellants,

v.

FREDERIC A. POLLOCK and
ESTATE OF FREDERIC A.
POLLOCK,

     Defendants-Respondents.

_____

> Argued November 13, 2019 - Decided December 20, 2019
>
> Before Judges Accurso and Gilson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No., L-1167-15.
>
> Hilda T. Kennedy and John F. Kennedy, appellants, argued the cause pro se.
>
> Stewart G. Milch (Goldberg Segalla LLP) of the New York bar, admitted pro hac vice, argued the cause for respondents (Goldberg Segalla LLP, attorneys;

Thomas John Seery and Stewart G. Milch, on the
brief).

PER CURIAM

Plaintiffs Hilda T. Kennedy and her husband John F. Kennedy appeal
from a jury verdict dismissing their negligence claim against the Estate of
Frederic A. Pollock.  The Kennedys claim that defense counsel's badgering of
the elderly Mrs. Kennedy on cross-examination and error in the jury charge
requires reversal of the jury's verdict.  We cannot agree.

The facts of this unfortunate accident are largely undisputed and easily
summarized.  Mr. and Mrs. Kennedy took an Atlantic City jitney home after
grocery shopping for Thanksgiving dinner.  The day was blustery and rainy,
and the driver, defendant Pollock, missed their stop.  When Pollock finally
stopped the jitney to let the Kennedys off, he didn't pull the jitney to the curb.
Instead, the Kennedys had to walk three or four feet in the street to get to the
sidewalk.  Mr. Kennedy got off first with their shopping cart.  He then walked
back into the street to assist his wife, then eighty-five years old, off the jitney.
Moments after Mrs. Kennedy disembarked, she fell under the rear wheels of
the jitney, which rolled over her, crushing her shoulder and causing her several
other serious injuries.

A-0845-17T4

The jitney had a camera installed that shot video from four angles and also recorded audio inside and outside the jitney. While the camera didn't capture the accident, it did record events from the moments leading up to it through the 911 call afterward. Both sides referred to the video extensively at trial, and the jury viewed it more than a dozen times.

Mr. Kennedy testified that both he and his wife reached the sidewalk after disembarking the jitney, and the video confirms it. As they were "trying to adjust [themselves] to walk away," something, perhaps the wind, caused Mrs. Kennedy to fall into the street. Mr. Kennedy testified he stepped back into the street to help her up, banged on the side of the jitney and yelled, "Don't move" to the driver, defendant Pollock, before the rear wheels rolled over her.

The defense contended the video established the jitney had already begun to pull away when the Kennedys were standing safely on the sidewalk. Although the audio recorded Mr. Kennedy's conversation with Pollock about missing their stop, Mrs. Kennedy's screams, and Mr. Kennedy yelling to the driver to call 911, Mr. Kennedy is not heard yelling for the driver not to move the jitney.

A-0845-17T4

Mrs. Kennedy testified the jitney stopped in the middle of the street, that she never reached the sidewalk, and that she believed it was the jitney that caused her to fall. She also testified that as she was lying in "the gutter," her husband "went up and look[ed] at the driver and sa[id], 'Please don't move, please don't move,'" and that she also said the same thing "[b]ut in the moment he finish[ed] telling him please don't move[,] the driver move[d] . . . ."

Plaintiffs contend the court erred in failing "to reign in" defendant's counsel, which permitted him to ask the same question on cross-examination "at least a dozen times each without an objection," which, along with an erroneous jury instruction, "caused the jury's incorrect verdict." Having reviewed Mrs. Kennedy's direct and cross-examination, we find no error.

The defense conceded the driver missed plaintiffs' stop, did not pull the jitney to the curb to let them disembark, and that Mrs. Kennedy was grievously injured when the rear wheels of the jitney rolled over her. It maintained, however, that the video established the Kennedys were standing safely on the sidewalk as the jitney pulled away, and thus the accident was not a result of the driver's negligence.

Plaintiffs argued Pollock pulled away to "make" a green light even before the doors closed, failing to check his mirrors or notice that Mrs.

4

Kennedy had fallen into the street before he began to move. Although Mr. Kennedy testified that both he and Mrs. Kennedy had reached the sidewalk before Mrs. Kennedy fell, and plaintiff's counsel conceded it based on that testimony and the video, Mrs. Kennedy testified at one point that she reached the sidewalk, but at another that the jitney caused her to fall before she reached the sidewalk and then rolled over her after she and her husband had called out to the driver to stop.

Defense counsel exploited that inconsistency in his questions to Mrs. Kennedy. But not unfairly so. A trial court has "broad discretion in determining the scope of cross-examination." Manata v. Pereira, 436 N.J. Super. 330, 343 (App. Div. 2014) (quoting State v. Silva, 131 N.J. 438, 444 (1993)). Here, contrary to pro se plaintiffs' contention on appeal, their trial counsel objected at least three times to defense counsel's questions on cross-examination, and the judge conducted two side-bar conferences. The judge sustained plaintiffs' counsel's objection after the questioning had become repetitive and directed the defense to "move on."

As the testimony was plainly relevant to plaintiffs' contentions of defendant's negligence in causing the accident, the defense was entitled to probe Mrs. Kennedy's ability to remember and recount those events accurately.

A-0845-17T4

See Silva, 131 N.J. 438 at 444. In no event could we find that the trial judge abused her discretion in permitting the examination, see Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383 (2010), or that the questioning could support overturning the jury's verdict. See Zaman v. Felton, 219 N.J. 199, 214 (2014).

We likewise find no merit in plaintiffs' allegation of error in the jury charge. Plaintiffs contend the court's instruction to the jury that "Frederic Pollock asserts that he was not negligent in causing the incident and that his conduct was not a proximate cause of any injury suffered by Mrs. Kennedy, and he is not responsible for any of her damages," essentially directed a verdict for defendant by having the judge declare that "Frederic Pollock is not responsible for any of Mrs. Kennedy's damages."

We do not judge any single sentence in a jury charge in isolation, but instead review it in the context of the overall charge to determine whether the jury was likely confused or misled. Bradford v. Kupper Assocs., 283 N.J. Super. 556, 573 (App. Div. 1995). Because plaintiffs raised no objection to the charge at trial, preventing "the trial judge from remedying any possible confusion in a timely fashion," id. at 573-74, we will reverse only if the error

was one "clearly capable of producing an unjust result." R. 1:7-5; see Dimaria Const., Inc. v. Interarch, 351 N.J. Super. 558, 571 (App. Div. 2001).

Applying those standards here, we cannot conclude that this jury, which deliberated for ninety minutes, was confused or misled to believe the trial judge was instructing them that defendant was not responsible for any of Mrs. Kennedy's damages. The entire sentence, as well as the entire charge, made patent that defendant claimed he was not negligent, did not proximately cause any of Mrs. Kennedy's injuries and was thus not responsible for any of her damages.

Although there is no question but that Mrs. Kennedy was very seriously injured by defendant's jitney, the jury concluded the accident was not a result of Pollock's negligence. There is simply no basis on which to overturn its verdict. See Jacobs v. Jersey Cent. Power & Light Co., 452 N.J. Super. 494, 502 (App. Div. 2017).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                          A-0845-17T4